**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOWARD COHAN,**                                     **CASE NO.: 6:22-cv-134-WWB-EJK**

      **Plaintiff,**

**v.**

**KOHL'S, INC.,**

      **Defendant.**

_____/

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Kohl's Inc. ("Kohl's" or "Defendant"), by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff Howard Cohan ("Plaintiff") and states as follows:

### JURISDICTION AND VENUE

1.      This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42. U.S.C. § 12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also*, 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

ANSWER:   This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Kohl's admits Plaintiff purports to bring the action described in this Paragraph. Defendant admits this Court has federal question jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181 *et seq.* pursuant to 28 U.S.C. § 1331. Kohl's denies that it has violated any law and denies that Plaintiff is entitled to any relief. Except as so admitted, denied.

2.      Venue is proper in this Court, Orlando Division, pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court for the Middle District of Florida in that all events giving rise to the lawsuit occurred in Brevard County, Florida.

ANSWER:   This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that venue is proper in this District. Except as so admitted, denied.

## PARTIES

3.      Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

ANSWER:   Kohl's lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph and therefore denies the same.

4.      Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit, and is located at 422 N Alafaya Trail, Orlando, Florida 32828 (hereinafter referred to as "Kohl's Orlando") and 205 Palm Bay Rd NE, West Melbourne, Florida 32904 (hereinafter referred to as "Kohl's West Melbourne"), (collectively referred to as "Premises"), and is the owner of the improvements where Premises is located.

ANSWER:   Kohl's admits that it is the lessee of the Premises. Except as so admitted, denied.

5.      Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

ANSWER:   Kohl's admits the allegations in this Paragraph.

6.      Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. At the time of Plaintiff's visit to Kohl's Orlando on November 3, 2021, and to Kohl's West Melbourne November 6, 2021, (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA and required the use of fully accessible restrooms. Plaintiff personally visited the Premises but was denied full and equal access and full and equal enjoyment of the facilities and amenities within the Premises, even though he would be classified as a "bona fide patron".

ANSWER:     Kohl's lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this Paragraph. This Paragraph also contains legal conclusions to which no answer is required. Kohl's denies the remaining allegations contained in this Paragraph.

7.      Plaintiff, in his individual capacity, will absolutely return to the Premises and avail himself of the services offered when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

ANSWER:     Denied.

8.      Plaintiff is continuously aware of the violations at Defendant's Premises and

is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

ANSWER:    Denied.

9.      Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

ANSWER:    Denied.

10.     Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

ANSWER:    Denied.

11.     Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use

4

the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

ANSWER:    Kohl's lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's status as a "tester." Kohl's denies the remaining allegations contained in this Paragraph.

12.    Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

ANSWER:    Denied.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

13.    Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 12 above as if fully stated herein.

ANSWER:    Defendant reasserts and incorporates its responses to paragraphs 1 through 12 above.

5

14.     On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

ANSWER:     The ADA and its requirements speak for themselves and Kohl's denies the allegations contained in this Paragraph to the extent inconsistent with the text of the ADA. Except as so admitted, denied.

15.     Congress found, among other things, that:

a.  some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b.  historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c.  discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d.  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of

6

architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101 (a)(1)-(3),(5) and (9).

ANSWER:    The ADA and its requirements speak for themselves and Kohl's denies the allegations contained in this Paragraph to the extent inconsistent with the text of the ADA. Except as so admitted, denied.

16.    Congress explicitly stated that the purpose of the ADA was to:

a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

7

ANSWER:     The ADA and its requirements speak for themselves and Kohl's denies the allegations contained in this Paragraph to the extent inconsistent with the text of the ADA. Except as so admitted, denied.

17.     Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

ANSWER:     The allegations in this Paragraph are legal conclusions to which no answer is required.

18.     Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

ANSWER:     Denied.

19.     Plaintiff has visited Premises, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

ANSWER:     Denied.

20.     Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

8

ANSWER:    Denied.

21.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Officer of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

ANSWER:    The ADA and its requirements speak for themselves and Defendant denies the allegations contained in this Paragraph to the extent inconsistent with the same. Except as so admitted, denied.

22.    Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

I.    **KOHL'S ORLANDO**

**Unisex Restroom**

 a.  Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (Trash can)

 b.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

 c.  Failure to provide soap dispenser at the correct height above the finished floor

in violation of 2010 ADAAG §§ 606, 606.1 and 308.

d.  Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

e.  Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3. (Plumbing)

f.  Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609,609.1 and 609.3. (Dispenser)

g.  Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

h.  Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

i.  Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

j.  Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

k.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**Men's Restroom GENERAL**

l.  Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

m.  Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2

n.  Failure to provide a urinal designed for a person with a disability where the rim height is no more than 1 7 inches from the finished floor in violation of 2010 ADAAG §§ 605 and 605.2.

**Men's Restroom ACCESSIBLE STALL**

o.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (Door handle)

p.  Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609,609.1 and 609.3.

q.  Failure to provide toilet cover dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

r.  Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

s.  Failure to provide sufficient clear floor space around a water closet without any

obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (Trash can)

t.  Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

u.  Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

v.  Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.

w.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**II.    KOHL'S WEST MELBOURNE**

**Family Restroom**

a.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

b.  Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

c.  Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

**Men's Restroom ACCESSIBLE STALL**

d.  Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (Door handle)

e.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

f.  Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

g.  Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

h.  Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

i.  Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

j.  Providing grab bars of improper horizontal length or spacing as required along the rear and side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

k.  Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

**Men's Restroom GENERAL**

l.  Failure to provide proper toe clearance for a person with a disability under a

13

counter or sink element in violation of 2010 ADAAG § § 306, 306.1, 306.2, 306.2.1, 606 and 606.2.

m. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

ANSWER:    Denied.

23.    To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 22 herein.

ANSWER:    Denied.

24.    Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

ANSWER:    Denied.

25.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

ANSWER:    Denied.

26.    As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

ANSWER:    The allegations in this Paragraph are legal conclusions to which no

14

answer is required.

27.     To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

ANSWER:     The allegations in this Paragraph are legal conclusions to which no answer is required. Except as so admitted, denied.

28.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

ANSWER:     Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's retention of an attorney or terms of representation with the same. Defendant denies all other allegations in this Paragraph.

29.     All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

ANSWER:     Denied.

30.     In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 22 herein can be applied to the 1991 ADAAG standards.

ANSWER:     The allegations in this Paragraph are legal conclusions to which no answer is required. Except as so admitted, denied.

31.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make them

readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

ANSWER:   The allegations in this Paragraph are legal conclusions to which no response is required. The ADA and its requirements speak for themselves and Kohl's denies the allegations contained in this Paragraph to the extent inconsistent with the text of the ADA. Except as so admitted, denied

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer and defense to Plaintiff's Complaint, without conceding the burden of proof as to any defense and without in any way admitting any of the allegations in the Complaint, Kohl's states and asserts the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiff lacks standing to assert the claims set forth in the Complaint to the extent that he has not personally encountered barriers that cause him to experience a denial of access and has not suffered any injury or damages. Moreover, Plaintiff lacks standing to the extent he cannot show that he intends to return to the store in the future by demonstrating sufficient proximity of the store to his home, past patronage of the store, definiteness of plans to return, and past frequency of visits.

## SECOND DEFENSE

Each of Plaintiff's causes of action, claims, or items of damage are barred to the extent they did not accrue within the time prescribed by law for them before this action was brought.

## THIRD DEFENSE

16

The Complaint fails to state a cause of action upon which relief may be granted.

## FOURTH DEFENSE

Depending on the remedial measures, if any, requested by Plaintiff, such measures are not readily achievable.

## FIFTH DEFENSE

Depending on the remedial measures, if any, requested by Plaintiff, Plaintiff may demand modifications that would require Defendant to fundamentally alter the way it provides its goods and services or would result in an undue burden.

## SIXTH DEFENSE

Plaintiff's generalized request for modifications is technically infeasible, not readily achievable, structurally impracticable, and/or is not required.

## SEVENTH DEFENSE

Plaintiff's generalized request for modifications would create an undue hardship and/or would threaten the health and safety of Plaintiff and others.

## EIGHTH DEFENSE

Any alleged violations do not affect Plaintiff's alleged disability.

## NINTH DEFENSE

To the extent that any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for field conditions and the facility, when taken as a whole, is compliant with applicable law or code.

## TENTH DEFENSE

To the extent that any architectural barriers existed, they have been remedied and/or removed and the issues are now moot, and Defendant is compliant with the ADA

17

and its implementing regulations.

## ELEVENTH DEFENSE

Plaintiff failed to mitigate damages because when Plaintiff purportedly encountered barriers, he does not allege that he avoided such barriers or requested assistance from Defendant's personnel to remove or remedy such barriers.

## TWELFTH DEFENSE

Plaintiff's claims are barred from recovery, in whole or in part, as Plaintiff has suffered no damages.

## THIRTEENTH DEFENSE

No actual or constructive notice regarding accessibility issues was provided to Defendant.

## FOURTEENTH DEFENSE

Defendant has acted at all times relevant to the allegations in the Complaint with good faith belief that it has complied with all applicable statutes and regulations.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to raise additional defenses as discovery or rulings may reveal.

WHEREFORE, Kohl's respectfully requests that judgment be entered against Plaintiff, this action be dismissed in its entirety and with prejudice, and Kohl's be awarded its reasonable costs and fees under applicable law or the Court's inherent authority, including but not limited to 28 U.S.C. § 1927 and 42 U.S.C. § 12205.

Dated this 10th day of March 2022.

Respectfully submitted,

*s /Nailah Bowen*
Joel Griswold
Florida Bar No.: 100827
Email: jcgriswold@bakerlaw.com
Nailah Bowen
Florida Bar No.:  1032083
Email:  nbowen@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL  32801
Telephone:  407.649.4000
Facsimile:  407.841.0168
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of March 2022, a true and correct PDF

copy of the foregoing has been electronically filed with the Clerk of the Court using the

CM/ECF system, which will send a notice of electronic filing to the following:

Samantha Lyn Simpson, Esq.
Gregory Steven Sconzo, Esq.
**SCONZO LAW OFFICE, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL  33410
samantha@sconzolawoffice.com
greg@sconzolawoffice.com

*ATTORNEYS FOR PLAINTIFF*

*s/Nailah Bowen*
Nailah Bowen, Esq.

19